UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD WODJA, individually and on behalf of all others individually situated,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE EMPLOYEES CREDIT UNION, and DOES 1-10,<br><br>Defendants. | CASE NO. C15-5693BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Washington State Employees Credit Union's ("WSECU") motion to dismiss (Dkt. 48). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 25, 2015, Plaintiff Todd Wodja ("Wodja") filed a class action complaint against WSECU asserting claims for breach of contract, violation of the Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86, unjust enrichment/restitution, money had and received, negligence, and Electronic Funds Transfer Act, 15 U.S.C. 1693 *et seq*. Dkt. 1.

1      On March 10, 2016, Wodja filed a second amended complaint ("SAC") asserting

2  claims for breach of contract, unjust enrichment/restitution, and money had and received.

3  Dkt. 31.

4      On March 25, 2016, WSECU filed a motion to dismiss. Dkt. 32. On June 9,

5  2016, the Court granted the motion in part and denied the motion in part ruling on the

6  scope of the parties' contract and dismissing Wodja's extra-contractual claims in light of

7  the contract. Dkt. 36.

8      On July 1, 2016, the Court issued a scheduling order setting trial for September

9  12, 2017 and other pretrial deadlines. Dkt. 42.

10     On August 17, 2016, WSECU moved to dismiss for lack of subject matter

11  jurisdiction. Dkt. 48. On September 6, 2016, Wodja responded. Dkt. 54. On September

12  9, 2016, WSECU replied. Dkt. 56.

## II. DISCUSSION

14     WSECU argues that the Court should dismiss Wodja's complaint under the Class

15  Action Fairness Act's home-state controversy exception, 28 U.S.C. § 1332(d)(4)(B), and

16  should decline to exercise supplemental jurisdiction over Wodja's remaining state law

17  claim. With regard to the former, WSECU has shown that Wodja's claims meet this

18  exception because 90% of the members of the alleged class reside in Washington and

19  WSECU's principal place of business is in Washington. Dkt. 50, ¶¶ 6–7; *Bridewell-*

20  *Sledge v. Blue Cross of California*, 798 F.3d 923, 928–29 (9th Cir. 2015). Wodja failed

21  to respond to this argument, which the Court considers as an admission that the argument

22  has merit. Local Rules, W.D. Wash. LCR 7(b)(2). Moreover, WSECU has sufficiently

shown that the Court should decline to exercise jurisdiction over this alleged class action. Thus, the Court grants WSECU's motion on this issue.

With regard to supplemental jurisdiction, the Court also agrees with WSECU. Although Wodja argues that the Court should exercise its discretion and retain jurisdiction over his state law claim, it is unclear whether supplemental jurisdiction may trump the home-state controversy exception. *Bridewell-Sledge*, 798 F.3d at 928 ("If the [home-state controversy] conditions are met, a district court is *required* to remand the class action back to the originating state court."). Regardless, the Court declines to exercise its discretion to retain jurisdiction. While the Court has made a preliminary ruling as to the scope of the parties' contract, that is an insufficient reason to retain jurisdiction. Moreover, the case is in an early stage of the proceedings, especially in light of the class action nature of the matter. If Wodja refiles in state court, neither the discovery nor his efforts in researching his class action issues will be wasted. Therefore, the Court grants WSECU's motion on this issue as well.

### III. ORDER

Therefore, it is hereby **ORDERED** that WSECU") motion to dismiss (Dkt. 48) is **GRANTED**, Wodja's state law claim is **DISMISSED**, and the Clerk shall close the case.

Dated this 26th day of September, 2016.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge